STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Karstens, <u>et al.</u>    }
                             }
                             } Docket No. 264-11-00 Vtec
                             }
                             }

<u>Decision and Order on Appellees= Motion for Summary Judgment</u>

    Appellants William and Judith Karstens, Andrew LaBounty, Judy Lawrence, and James Jewett (on behalf of Esther Jewett) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Franklin granting Appellees Richard Boudreau and Joyce Boudreau= s application to construct a canopy over their shooting range. Appellants Karstens and Jewett are represented by Jon Anderson, Esq.; Appellants LaBounty and Lawrence represent themselves; Appellee-Applicants are represented by Jesse D. Bugbee, Esq.; and the Town is represented by Joseph S. McLean, Esq. Appellees have moved for summary judgment that conditional use approval was not required for the canopy.

    The following facts are undisputed unless otherwise noted. Appellees= property is located on Gallup Road in the Rural Residential/Agricultural zoning district. Appellees own and run a sporting goods retail store and a shooting range at that location, which appears also to be the location of their home.

    Retail establishments, outdoor recreation facilities, and private clubs are conditional uses under the current zoning ordinance adopted in 1981. Material facts are in dispute as to when the shooting range was first opened, what its status was under zoning at that time, and whether its use at the time of adoption of zoning was as an accessory use to Appellees= residence, an outdoor recreational use, or some other use category, and whether its use was commercial or non-commercial.

    Material facts are in dispute, or at least have not been provided to the Court, regarding when the retail store was opened and what zoning approval, if any, was obtained for the retail store. Material facts are in dispute regarding whether the use of the shooting range is now in any respect an accessory use to the retail store, whether it is a separate outdoor recreational facility, whether it is a non-profit club, or whether it falls within some other use category under the current zoning regulations.

    The Supreme Court three-justice memorandum decision in <u>Appeal of Pearl Street Mobil</u>, Docket No. 2001-249 (December 21, 2001), is persuasive authority (V.R.A.P. 33.1(c)) only on the question of whether construction of a canopy over an existing nonconforming use is an enlargement of that use if there is no dimensional nonconformity, and under a zoning ordinance such as the City of Burlington= s.

    Section 330 of the Franklin zoning ordinance requires conditional use approval to alter as well as to expand a non-conforming use or a noncomplying structure. If applicable, Section 330 requires a finding that the alteration or expansion will not substantially impair the appropriate use or development of adjacent property, as well as a determination on the conditional use criteria.

    Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellees= Motion for Summary Judgment is DENIED, as material facts are in dispute. The information presented by the parties suggests that conditional use approval may be required, at least for the canopy, but

we cannot make that determination without an evidentiary hearing on the disputed material facts. We will hold a telephone conference on Friday, April 12, 2002 at 9:30 a.m. to discuss setting this matter for any necessary hearing.

Done at Barre, Vermont, this 1st day of April, 2002.

_____
Merideth Wright
Environmental Judge